UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
THERON NEWKIRK,                                                                      COMPLAINT

                            Plaintiff,

                 - against -                                                                              JURY TRIAL
                                                                                                   DEMANDED

THE CITY OF NEW YORK, and JOHN DOES A-F the name
"Doe" being fictitious and intended to represent those police
officers, detectives and supervisors who acted or commanded
the defendants' actions to falsely arrest, falsely imprison, use
excessive force, and act with deliberate indifference towards
Plaintiff,

                                   Defendants.
------------------------------------------------------------------------X

       Plaintiff, THERON NEWKIRK, by his attorneys, MANGAN LOUIS LLP, for his Complaint against the Defendants, alleges, at all times material herein, that:

## NATURE OF THE ACTION

(1)       Plaintiff Theron Newkirk brings this Section 1983 Civil Rights Action against NYPD officers and supervisors for false arrest, false imprisonment, and excessive force and for deliberate indifference towards his medical care and health while in the custody of NYPD Officers in violation of the Fourth, Eighth and Fourteenth Amendments. On or about November 29, 2018, Theron Newkirk was recovering from surgery at Elmhurst Hospital when NYPD officers handcuffed him to his bed for approximately twelve days. He was not charged with a crime, nor was he under investigation, nor could he leave, because he was paralyzed from the chest down. The actions of these defendants also prevented him from receiving full medical care, and Theron developed Stage IV pressure ulcers and osteomyelitis.

## VENUE & JURISDICTION

(2)     Jurisdiction is founded on the existence of a federal question, and a question arising under an Act of Congress, U.S.C., Title 42, Sec. 1983, as hereinafter more fully appears.

(3)     Venue is properly laid in this District under 28 U.S.C. Section 1391(b), this being the District in which the claim arose.

## PARTIES

(4)     Plaintiff THERON NEWKIRK is a resident of the State of New York, Queens County.

(5)     Defendant CITY OF NEW YORK (hereinafter referred to as "City") is, and was at all times material herein, a municipal corporation formed pursuant to the laws of the State of New York and was the employer of the Defendant agents and officers.

(6)     Defendants "John Does" are New York City Police Officers and Supervisors, and other employees of the New York City Police Department, who falsely arrested, imprisoned and detained Plaintiff, and treated him with and who against Plaintiff.

(7)     All individual defendants are being sued in their individual capacities, and all were acting under the color of law at all times alleged herein.

(8)     The City at all times material herein was responsible for the supervision, discipline, retention and promotion of the police officers, sergeants, detectives, supervisors, agents and/or employees of the New York City Police Department, and for the policies and procedures that are used to police its citizens.

## FACTS

(9)     On or about November 28, 2018, Theron Newkirk, while on the street in Queens, suffered gunshot wounds to his neck and chest, causing irreversible spinal cord injuries.

(10)    Emergency Medical Services operators found Theron, lying on the street, and delivered him to Elmhurst Hospital.

(11)    Upon admission to Elmhurst Hospital, Theron underwent surgery to remove the bullets

that had entered his body and to close his wounds.

(12)    Upon information and belief, the NYPD were alerted to the occurrence of the shooting, and sought to speak to Theron, in order to gather information about the shooter and the events.

(13)    Upon information and belief, defendant NYPD officers and detectives sought to pressure Theron to testify against the shooter and held him in confinement, while he was recovering from his injuries, for the purpose of compelling his testimony. Theron remained confined to his bed, which also may have had an effect on the Elmhurst Hospital medical professionals' medical treatment of Theron.

(14)    On or about December 10, 2018, Theron's family members had a Legal Aid attorney write a letter on behalf of Theron to the NYPD demanding that they release him from the shackles. On information and belief, on or about December 11, 2018, in response to the Legal Aid letter, the defendants released Theron from the shackles.

## AS AND FOR A FIRST CAUSE OF ACTION

(False Arrest and False Imprisonment Under the 4th and 14th Amendments of the U.S. Constitution and 42 U.S.C. § 1983)

(15)    Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein. Plaintiff was falsely and unlawfully arrested, imprisoned, detained, searched and deprived of liberty against his will.

(16)    Theron Newkirk was arrested and held against his will from approximately Nov 29, 2018 to December 11, 2018.

(17)    Defendants violated the protections guaranteed this plaintiff as a citizen of the United States by arresting, detaining, and imprisoning without probable cause or other justification.

(18)    Defendants used excessive force in handcuffing him to prevent his movement when he was not in a position to move.

(19)    Defendants committed this false and unlawful arrest, imprisonment, detention, and

deprivation of liberty while knowing that they did not have probable cause, knowing that these acts were unlawful and knowing that these acts were without justification and defendants engaged in these acts to intentionally violate plaintiff's rights, privileges and immunities secured by the United States Constitution, or engaged in these acts with reckless disregard to the plaintiff's rights, privileges and immunities secured by the United States Constitution.

(20) All Defendants acted under color of law. Defendants apprehended plaintiff based upon improper reasons.

(21) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

(22) The City of New York violated protections guaranteed plaintiff as a citizen of the United States by supervising the defendant police officers and detectives in such a manner as to require them to violate the plaintiff's rights.

(23) All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

## AS AND FOR A SECOND CAUSE OF ACTION

(Use of Excessive Force in Violation of
the 4th and 14th Amendment and 42 U.S.C. § 1983)

(24) Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

(25) Defendant officers, detectives and supervisors deliberately restrained Plaintiff by shackling him against his will to a hospital bed for approximately twelve (12) days, in contravention of the medical professionals and common sense. Plaintiff had not resisted the police officers, nor had he threatened to use any force, and was, for much if not most of the time, unconscious while he was restrained. Plaintiff posed no threat to the officers and the restraints used against him constitute excessive force.

(26) All Defendants acted under color of law.

(27)     The City of New York violated protections guaranteed plaintiff as a citizen of the United States by maintaining a policy or practice to deny citizens their constitutional protections without due process.

(28)     The City of New York violated protections guaranteed plaintiff as a citizen of the United States by instituting a police and procedure to restrain, confine, and use force against citizens such as plaintiff in deprivation of their rights ensured under the Fourth and Fourteenth Amendments of the Constitution.

(29)     All defendants are liable for said damage and injuries pursuant to the Fourth and Fourteenth Amendments to the Constitution of the United States, and 42 U.S.C. § 1983.

AS AND FOR A THIRD CAUSE OF ACTION

(Deliberate Indifference of Plaintiff's Medical Needs
While in Custody in Violation of the 8th and 14th Amendment
and 42 U.S.C. § 1983)

(30)     Plaintiff realleges the facts stated in all paragraphs above as if stated fully herein.

(31)     Defendant officers, detectives and supervisors deliberately held Theron in custody, and in contravention of his medical needs, while he was attempting to recuperate from life threatening and serious injuries that left him paralyzed and unable to care for himself.

(32)     Upon information and belief, these defendant officers, detectives and supervisors, were well aware of Theron's post gunshot and post surgical medical conditions and following surgery, and realized the substantial risk of serious harm that was caused by shackling him to his hospital bed, and that this restraint would prevent him from receiving full and adequate care from the Elmhurst Hospital staff.

(33)     Upon information and belief, Elmhurst doctors, nurses and other hospital officials, informed the defendants that Theron could not receive complete care while he was handcuffed to the bed, yet they ignored these doctors, nurses and other hospital officials.

(34)     Defendants acted under color of law and conspired to deprive plaintiff of his civil, constitutional and statutory rights guaranteed by the Eighth and Fourteenth Amendments of the

United States Constitution and under 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff demands judgment and pray for the following relief, jointly and severally, against the Defendants:

(a)      special and compensatory damages in the amount of five-million dollars ($5,000,000) dollars;

(b)      punitive damages in the amount of five-million ($5,000,000) dollars;

(c)      reasonable attorney's fees and the costs of litigation of this action pursuant to 42 U.S.C. § 1988; and

(d)      such other and further relief as to this Court seems just and proper.

Dated: New York, New York  
        November 28, 2021

**MANGAN LOUIS LLP**

/s/
_____  
By: Michael P. Mangan (MM-5773)  
*Attorneys for Plaintiff*  
80 Maiden Lane, Suite 304  
New York, NY 10038  
(212) 248-2170