```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
  THERON NEWKIRK,                                                 :
                            Plaintiff,                            :
                                                                  :
           -against-                                              :   MEMORANDUM
                                                                  :   DECISION AND ORDER
                                                                  :
  THE CITY OF NEW YORK; LT. ATKINSON;                             :   21-cv-6635 (BMC)
  SGT. SHAFIDIYA; SGT. FIGLIUDO, and JOHN                         :
  DOES A-F the name "Doe" being fictitious and                    :
  intended to represent those police officers, detectives         :
  and supervisors who acted or commanded the                      :
  defendants' actions to falsely arrest, falsely imprison,        :
  use excessive force, and act with deliberate indifference       :
  towards Plaintiff,                                              :
                                                                  :
                            Defendants.                           :
                                                                  :
----------------------------------------------------------------- X
```

**COGAN**, District Judge.

The non-conclusory allegations in the amended complaint in this § 1983 action are few and straightforward. Plaintiff was grievously injured in a shootout. He was taken to the hospital and had surgeries over twelve days. During that time, he was under arrest, although not charged with a crime, and chained to his hospital bed, making it more difficult to treat his pressure ulcers and osteomyelitis. Plaintiff alleges, on "information and belief," that the Lieutenant and two police Sergeants named as defendants were responsible, but he alleges no facts that show their involvement.

Defendants have moved to dismiss the individuals. The Monell claim has been severed and stayed pending determination of this motion.

First, I reject defendants' statute of limitations argument. The overwhelming number of cases in this Circuit have applied New York Executive Order 202.8 to toll claims brought under

42 U.S.C. § 1983, and defendants have not cited any cases to the contrary. See, e.g., McDonald v. City of New York, 20-cv-4614, 2022 WL 1469395, at *3 (E.D.N.Y. May 10, 2022); Barnes v. Uzu, 20-cv-5885, 2022 WL 784036, at *1 (S.D.N.Y. March 15, 2022); Bonilla v. City of New York, No. 20-cv-1704, 2020 WL 6637214, at *3 (E.D.N.Y. Nov. 12, 2020). Although defendants argue that the claims against the named defendants in the amended complaint do not relate back to the original complaint, I do not see why that matters, since the named defendants were added within the period allowed by the Executive Order and its extensions. See N.Y. Exec. Order No. 202.8.

However, I agree with defendants that the amended complaint fails to state a claim against the individual defendants. "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Smith v. Local 819 I.B.T. Pension Plan, 291 F.3d 236, 240 (2d Cir. 2002). The few allegations against the individual defendants here are entirely conclusory. In fact, the amended complaint is about as good an example of inadequate pleading as one could imagine. It accuses each individual defendant of being "responsible for ordering, or enforcing the orders of others, that NYPD officers and supervisors unlawfully arrest and detain Theron, use excessive force in the detention, and deprive Theron of reasonable and adequate medical care." It doesn't give any notice of what any of the individual defendants did or didn't do. "Responsible" is just a legal conclusion based on facts that are not there. By adding that "upon information and belief" those three supervisors are the ones involved in the incident without setting forth a basis for plaintiff's information and belief, the other allegations simply disguise that legal conclusion as a factual conclusion. See Rosenfeld v. Lynch, 370 F. Supp. 3d 335, 348 (E.D.N.Y. 2019).[1]

---

[1] Plaintiff has attempted to introduce an affidavit from his mother in opposition to the motion to dismiss which, as defendants point out, is not proper on a Rule 12(b)(6) motion. In any event, the affidavit hurts plaintiff more than it

Plaintiff has failed to state a claim against the individual defendants. Their motion is therefore granted.

**SO ORDERED.**

*Brian M. Cogan*<br>U.S.D.J.

Dated: Brooklyn, New York
August 28, 2024

---

helps him. It confirms that the only reason plaintiff named these individual defendants is because when his mother applied for a pass to visit plaintiff in the hospital, these officers happened to be on duty and promptly signed off on the application. It doesn't show they had any involvement in his arrest, detention, or medical care.